UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

BILLIE DISPAINE,                )
                                )
    Plaintiff,                  )
                                )   Case No. 1:10-CV-162
    v.                          )
                                )   Collier/Carter
MICHAEL J. ASTRUE               )
Commissioner of Social Security )
                                )
    Defendant.                  )

## **M E M O R A N D U M**

Plaintiff Billie Dispaine ("Plaintiff") brought this action on June 16, 2010, seeking judicial review of the final decision of the Commissioner of Social Security ("Defendant") denying Plaintiff a period of disability and disability insurance benefits under the Social Security Act, 42 U.S.C. §§ 216(i) and 223(d). The Court referred the matter to United States Magistrate Judge William B. Mitchell Carter, pursuant to 28 U.S.C. § 636(b) and in accordance with Rule 72(b) of the Federal Rules of Civil Procedure for a report and recommendation ("R&R") regarding the disposition of Plaintiff's motion for judgment on the pleadings (Court File No. 9) and Defendant's motion for summary judgment (Court File No. 13), and the responsive brief filed by Plaintiff (Court File No. 15). The magistrate judge filed an R&R (Court File No. 16) recommending the decision of the Commissioner be affirmed, Plaintiff's motion for judgment on the pleadings be denied (Court File No. 9), Defendant's motion for summary judgment be granted (Court File No. 13), and the case be dismissed. Plaintiff timely filed an objection to the R&R (Court File No. 18). For the following reasons, the Court will **ACCEPT** and **ADOPT** the magistrate judge's R&R.

I.    **STANDARD OF REVIEW**

This Court must conduct a de novo review of those portions of the R&R to which objection is made and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1). The Court's standard of review is essentially the same as the magistrate judge's - review is limited to determining if the Commissioner's findings are supported by substantial evidence and if proper legal standards were used. 42 U.S.C. § 405(g); *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (per curiam). "Substantial evidence" means evidence a reasonable mind might accept to support the conclusion at issue. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "Substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). If supported by substantial evidence, the Court must affirm the Commissioner's findings, even if substantial evidence also supports the opposite conclusion. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003). The substantial evidence standard presupposes there is a zone of choice within which the decision makers can go either way, without interference by the courts. *Felisky v. Bowen*, 35 F.3d 1027 (6th Cir. 1994). The Commissioner need not discuss every aspect of the record or explain every finding at length but must "articulate with specificity reasons for the findings and conclusions that he or she makes" to facilitate meaningful judicial review. *Bailey v. Comm'r of Soc. Sec.*, 1999 WL 96920, at *4 (6th Cir. Feb. 2, 1999).

**II.    DISCUSSION**

Plaintiff makes two objections to the magistrate judge's R&R. First, Plaintiff argues the

magistrate judge assigned too little weight to the opinions of Plaintiff's treating physicians. Second, Plaintiff contends the Commissioner erred in finding Plaintiff could perform light work involving no repetitive use of the hands. The Court will examine each of these objections in turn.

**A. Opinion of Treating Physicians**

The regulations implementing the Social Security Act require the Commissioner generally to afford the opinion of a claimant's treating physician substantial deference. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004); 20 C.F.R. § 404.1527(d)(2). Such deference, however, is due only when a treating physician's opinion is "well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" before the Commissioner. 20 C.F.R. § 404.1527(d)(2). If the Commissioner decides not to accord the opinion of a treating physician controlling weight, the Commissioner relies on a number of factors–including the length of the treatment relationship and frequency of evaluation, nature and extent of the treatment relationship, how well supported by medical evidence the treating physician's opinion is, the consistency of the treating physician's opinion with the record as a whole, and whether the treating physician is a specialist–to determine how much weight to give the treating physician's opinion. 20 C.F.R. § 404.1527(d)(2)-(6). Ultimately, the determination of disability is "the prerogative of the Commissioner, not the treating physician." *Warner v. Comm'r Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (quoting *Harris v. Heckler*, 726 F.2d 431, 435 (6th Cir. 1985)).

Here, Plaintiff contends the magistrate judge failed to properly accord the opinions of Plaintiff's treating physicians the controlling weight such opinions were due.[1] Specifically, Plaintiff

---

[1] Although the heading in Plaintiff's brief refers to the opinions of three physicians, *see* Court File No. 18, p. 7, the brief includes only one sentence concerning the opinions of the two mental health professionals who evaluated Plaintiff in 2008 and 2009, *see id.* at p. 10 ("The ALJ did the

3

takes issue with the Commissioner's reference to the discrepancy between Dr. Stone's suggested ten pound limitation for Plaintiff and Dr. Stone's finding Plaintiff suffered from only a 9% upper extremity impairment (Court File No. 18, p. 8-9). Plaintiff further claims the magistrate judge improperly accepted the Commissioner's substitution of his own medical judgment for the judgment of Dr. Stone when the Commissioner determined Plaintiff could lift more than ten pounds at a time (*id.* at 10-11). In support of her arguments, Plaintiff cites a number of cases indicating a Commissioner oversteps his proper role when he substitutes his judgment in this way. *See, e.g.*, *Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990) (Posner, J.) (noting "judges, including administrative law judges of the Social Security Administration, must be careful not to succumb to the temptation to play doctor").

      While Plaintiff is certainly correct that disregarding the opinion of a treating physician and substituting instead the medical judgment of the Commissioner–or, for that matter, the medical judgment of a court–is improper, the record indicates such substitution did not occur here. As the magistrate judge noted, the Commissioner provided a detailed explanation for his decision not to accord Dr. Stone's opinion controlling weight ( *see* Tr. 19). The Commissioner observed Dr. Stone's notes "show no subjective evidence" to support his recommendation for a ten-pound limitation for Plaintiff, and Dr. Stone's determination Plaintiff suffered a 9% upper extremity impairment conflicts with his own recommendation of a ten-pound limitation (*id.*). The

---

same [i.e., disagreed and substituted his own judgment] when he disregarded Drs. Brewer and Peterson."). Moreover, Plaintiff has failed to establish evidence from these evaluations is properly before the Court. Plaintiff did not object to the magistrate judge's well-reasoned conclusion that the evidence, which was not considered by the Commissioner (Tr. 23, 285-375), did not satisfy the criteria under sentence six of 42 U.S.C. § 405(g). Court File No. 16, pp. 12-15. Accordingly, the Court will only consider Plaintiff's objection as it relates to the opinion of her treating medical doctor, Dr. J. Patterson Stone.

4

Commissioner then discussed other evidence in the record that confirms his conclusion, including non-controlling but nonetheless persuasive opinions of other physicians who examined Plaintiff (*id.*). In brief, the Commissioner set forth a reasoned basis for rejecting Dr. Stone's opinion, *see Jones*, 336 F.3d at 477 (noting, where the treating physician's opinion is not supported by sufficient evidence, "the ALJ is entitled to discredit the opinion as long as he sets forth a reasoned basis for her rejection"), and the magistrate judge gave the Commissioner's determination proper weight. Substantial evidence supports the decision not to afford Dr. Stone's opinion controlling deference.

### B. "Light Work" Finding

Plaintiff's second objection–that the Commissioner erred in finding Plaintiff could perform light work–proceeds from the assumption Dr. Stone's opinion regarding Plaintiff's limitations is accurate.[2] The Commissioner, however, reasonably decided not to rely solely on Dr. Stone's opinion. Instead, the Commissioner took Dr. Stone's assessment into account along with other evidence in the record concerning Plaintiff's problems with her health (*see* Tr. 17-18). Although the Commissioner disagreed with Dr. Stone's recommendation of a ten-pound lifting restriction for Plaintiff,[3] the Commissioner did find Plaintiff "would be precluded from performing jobs requiring

---

[2] Plaintiff's second objection begins with an instructive conditional clause: "[h]ad the Commissioner adopted the medical assessment of [Plaintiff's] treating source . . ." (Court File No. 18, p. 11). Thus, Plaintiff concedes this objection is premised on substituting the Commissioner's actual finding with Dr. Stone's opinion. For the reasons already given, the Court declines to make this substitution.

[3] Plaintiff also notes Dr. Stone, in the same evaluation where he recommended a ten-pound limitation, suggested that if limited "pulling type of activities" were not available, Plaintiff "may need to seek other employment" (Tr. 246). As the magistrate judge correctly observed, this recommendation is not a medical opinion and thus was properly not considered by the Commissioner. *See* 20 C.F.R. § 404.1527(a)(2) (defining medical opinion).

5

repetitive use of the hands" (*id.* at 18).  In light of the Commissioner's reasonable decision not to give controlling weight to Dr. Stone's opinion, the Commissioner's determination Plaintiff could perform light work involving no repetitive use of the hand finds is also reasonable.  The Court concludes the Commissioner's finding was supported by substantial evidence.

### III. CONCLUSION

The Court has considered Plaintiff's objections after its complete review of the record, and has found them without merit.  Accordingly, the Court will **ACCEPT** and **ADOPT** the magistrate judge's R&R (Court File No. 16).  The Court will **GRANT** Defendant's motion for summary judgment (Court File No. 13), and will **DENY** Plaintiff's motion for judgment on the pleadings (Court File No. 9).   Finally, the Court will **AFFIRM** the Commissioner's decision and will **DISMISS** the case.

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**